IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03790-KAS

BISSER LISSITCHEV,

Petitioner,

v.

JUAN BALTASAR, Warden, GEO Group ICE Processing Center, in his official capacity,
ROBERT HAGAN, Director of the Denver Field Office for U.S. Immigration and Customs Enforcement, in his official capacity,
KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity,
PAMELA BONDI, U.S. Attorney General, in her official capacity, and
TODD LYONS, Acting Director of U.S. ICE, in his official capacity,

Respondents.

---

**ORDER ON MOTION FOR ATTORNEY'S FEES AND EXPENSES**

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Petitioner's **Motion for Attorney's Fees and Expenses** [#23]. Respondents filed a Response [#26], and Petitioner filed a Reply [#27]. The Court has reviewed the Motion, the Response, the entire case file, and the applicable file. For the following reasons, the Court **GRANTS** the Motion [#23] and **AWARDS** Petitioner his fees and expenses.[1]

## I. Background

Petitioner Bisser Lissitchev filed a 28 U.S.C. § 2241 habeas corpus petition, which the Court granted on January 6, 2026, at the conclusion of an evidentiary hearing, and ordered Petitioner's immediate release from detention, subject to a preexisting order of

[1] The parties consented to magistrate judge jurisdiction. *See Election Concerning Consent/Non-Consent to United States Magistrate Juge Jurisdiction* [#6]; *Order of Reference* [#9].

supervision, pursuant to 8 U.S.C. § 1231(a)(3). *See Courtroom Mins*. [#16]; *Order* [#17] at 1-2. The Court further ordered Respondents to immediately return Petitioner's Employment Authorization to him. *Order* [#17] at 1. The Court directed Petitioner to submit an application for fees and costs under 28 U.S.C. § 2412(d)(1) within 30 days of final judgment. *Order* [#17] at 1-2.

**II. Legal Standard**

The Equal Access to Justice Act directs a court to award a party that has prevailed against the United States in any civil action, other than actions sounding in tort, its fees, costs, and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party seeking an award of fees and costs shall, within 30 days of final judgment, "submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subjection, and the amount sought, including an itemized statement from the attorney," which states "the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). A court determines whether the United States' position was substantially justified "on the basis of the record[.]" *Id*.

The Supreme Court has construed "substantially justified" to mean, "justified to a degree that could satisfy a reasonable person." *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (noting reluctance to fix guidelines). To demonstrate reasonableness, the government must establish the following: (1) "a reasonable basis for the facts asserted"; (2) "a reasonable basis in law for the legal theory proposed"; and (3) "support for the legal theory by the facts alleged." *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 520-21 (10th Cir. 1993)

(quoted in *Davis v. Comm'r of Soc. Sec.*, No. 21-3148, 2022 WL 1763389, at *1 (10th Cir. June 1, 2022)). Importantly, "a position can be justified even though it is not correct[.]" *Pierce*, 487 U.S. at 566 n.2.

## III. Analysis

### A. Whether Respondents' Position was Substantially Justified

The Court first addresses whether Respondents' position was substantially justified. For the reasons discussed below, the Court finds that it was not.

The Court need not restate all the bases for its January 6, 2026 bench ruling; however, the Court notes the following. In 2014, Immigration and Customs Enforcement placed Petitioner on an Order for Supervision. During Petitioner's nearly 12 years of supervision, he did not violate any laws or violate his conditions of supervision. Nevertheless, Petitioner was arrested at a check-in with Immigration and Customs Enforcement because Immigration and Customs Enforcement "determined that it would detain Petitioner as he poses a significant risk of flight given his final order of removal and current efforts to remove him." *Order to Show Cause Response* [#7] at 3; *see also Motion* [#23] at 5. However, at no time during the proceedings before this Court did Respondents present any specific information about those "current efforts" much less identify any prospective third country under consideration. Additionally, unrebutted evidence in the record significantly undermined the "risk-of-flight" rationale for Petitioner's detention, including Petitioner's long-standing compliance with his Order of Supervision, his ties to the community, his nearly two decades of marriage to a United States citizen, and the birth of at least one U.S.-born child.

The government-provided work authorization particularly undermined Respondents' argument of a significant likelihood of Petitioner's removal in the

reasonably foreseeable future because the governing statute expressly bars work-authorization eligibility for any immigrant ordered removed unless the Attorney General specifically finds that the immigrant cannot be removed because the countries he designated have refused to accept him or removal "is otherwise impracticable or contrary to the public interest." 8 U.S.C. § 1231(a)(7). Moreover, for over 20 years, since the May 23, 2005 Order of Removal, Petitioner had not been removed. Further, at no time during Petitioner's arrest or while in custody was he given a basis for the revocation of his Order of Supervision. *Motion* [#23] at 5.

In *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), the Supreme Court clearly stated that "the Due Process Clause applies to all 'persons' within the United States, including [immigrants], whether their presence here is lawful, unlawful, temporary, or permanent." Respondents argued that Petitioner would have been afforded due process at a then-upcoming custody review hearing. *See Order to Show Cause Response* [#7] at 10. However, the Court determined that argument rested on a faulty premise: that the 90-day removal period started anew when Petitioner was detained at his November 8, 2025 check-in appointment. Respondents, however, provided no authority in support, and the Department of Homeland Security's regulation, 8 C.F.R. § 241.4(g)(1)(i),(ii), undermines that argument.

Department of Homeland Security's regulations identify four bases for revocation of release: (1) "[t]he purposes of release have been served"; (2) "[t]he alien violates any condition of release"; (3) "[i]t is appropriate to enforce a removal order or to commence removal proceedings against an [immigrant]"; or (4) "[t]he conduct of the [immigrant], or any other circumstances, indicates that release would no longer be appropriate." 8 C.F.R.

§ 241.4(*l*)(2). Respondents presented no evidence that any of these circumstances applied to Petitioner. Respondents merely declared that Immigration and Customs Enforcement was "actively seeking to enforce the removal order[.]" *Blane Decl.* [#11-1] ¶ 6. This unsupported declaration deserved no weight. *See Elashi v. Sabol*, No. 4:09-CV-2201, 2010 WL 4536774, at *3 (M.D. Pa. Nov. 2, 2010) (declining to accord weight to unsupported belief that removal was reasonably foreseeable). Accordingly, the Court considers the reasonableness of the requested fees and costs.

**B. Reasonableness of Fees and Costs**

At the outset, the Court notes that Respondents do not challenge the reasonableness of the requested fees and costs or argue that special circumstances make an award of fees unjust. *See Response* [#26] at 3. Nevertheless, the Court considers the reasonableness of the requested fees and costs. *See Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004) (noting that, in the EAJA fees context, courts "have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result.").

"EAJA provides that attorney fees are not to be awarded in excess of $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee." *Morales Lopez v. Baltazar*, 834 F. Supp. 3d 1193, 1206 (D. Colo. 2026) (citation omitted). "The party seeking the award bears the burden of persuading the Court that the amount is reasonable." *Id.* (citation omitted). Here, Petitioner seeks $9,644.06 in attorney fees and $939.60 in paralegal fees, for a total of $10,583.66 in billed time. *Motion* [#23] at 9. The attorney fees are calculated at a rate of $276.36 an hour, which is the cost-of-living adjustment to the EAJA's hourly fee cap of $125. *See Morales*

*Lopez*, 834 F. Supp. 3d at 1206 (explaining that "[t]he cost-of-living adjustment is determined by multiplying the base EAJA rate of $125 per hour by the current Consumer Price Index All Urban Customers ("CPI-U"), and then dividing the product by the CPI-U in the month the cap was imposed."); *Motion* [#23] at 8 (applying calculation method). Respondents do not challenge the reasonableness of the applied billing rates. Without any arguments to the contrary, the Court concludes that a cost-of-living adjustment to the EAJA cap is appropriate and that the identified attorney billing rate is reasonable. The Court also finds that a billing rate of $114 for a paralegal with 10 years' experience and $97 for a paralegal with four years' experience are reasonable, based on rate data from the American Immigration Lawyers Association, *see Pet'r's Ex. 3*, *AILA Practice Pulse* [#23-3] at 48.

As for the number of hours spent on the matter, the Court finds that those hours are reasonable. In total, Petitioner's attorney spent 34.9 hours on this matter, preparing all court filings, conferring with Petitioner, preparing for and participating in the evidentiary hearing, and briefing the current Motion [#23]. The Court also finds that the paralegal time spent on legal matters is reasonable, but that a reduction is warranted due to time spent on clerical tasks, such as printing, mailing, scanning, uploading, and making payments. *See Pet'r's Ex. 1*, *Hall Aff.* [#23-1] at 6-8 (including entries for clerical work); *Villalobos v. Colvin*, No. CV-15-00463-CG, 2016 WL 10179289, at *2 (D.N.M. July 12, 2016) (collecting cases); *Champlin v. Colvin*, No. 12-cv-00425-RBJ, 2013 WL 3303636, at *3 (D. Colo. July 1, 2013) (stating, "in a petition for [EAJA] fees, an attorney cannot recover for paralegal time that is purely clerical work."). Based on the time entries, the Court estimates that the more senior paralegal, Ms. Booher, spent approximately 3.95 hours on

clerical work. *See Pet'r's Ex. 1*, *Hall Aff.* [#23-1] at 6-7 (entries from Nov. 25, 2025; Dec. 2-3, 2025; January 2, 2026; January 5, 2026; January 9, 2026; January 13-14, 2026; and January 20, 2026). At a rate of $113, this warrants a deduction of $446.35. The Court also estimates that the more junior paralegal, Ms. Rivera, spent 0.3 hours on clerical work. *See id.* at 7 (entry from Dec. 4, 2025). At a rate of $97, this warrants a deduction of $29.10. Therefore, the Court concludes that Petitioner is entitled to a fee award of $10,108.21, which is the sum of $9,644.06 (Attorney Hall), $435.05 (Paralegal Booher), and $29.10 (Paralegal Rivera).

The Court also finds that Petitioner's costs in the amount of $163.72, which stem from a filing fee, certified mail for service, and transcripts, are reasonable. *See Pet'r's Ex. 1*, *Hall Aff.* [#23-1] at 7-8. Therefore, the Court concludes that Petitioner is entitled to an award of $163.72 in costs.

## IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that Petitioner's Motion for Attorney's Fees and Expenses [#23] is **GRANTED**.

IT IS FURTHER **ORDERED** that Petitioner is awarded a total of $10,271.93 in fees and costs, to be paid by Respondents within 30 days of this Order.

Dated: September 9, 2026

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge